Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction



# UNITED STATES DISTRICT COURT

for the

District of     Arizona

Phoenix     Division

|  |  |
|---|---|
| Nicholas woodall<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>**-v-**<br><br><br>Maricopa County; Michelle Carson as an individual<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.     **CV22-01473-PHX-MTL**

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nicholas woodall |
| Street Address | 3710 w. northern ave. 318 |
| City and County | Phoenix, Maricopa |
| State and Zip Code | Arizona  85051 |
| Telephone Number | 512-297-8742 |
| E-mail Address | Giftoftruth1@gmail.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Maricopa County |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

|  | |
|---|---|
| Job or Title *(if known)* | |
| Street Address | 301 West Jefferson Street |
| City and County | Phoenix Maricopa |
| State and Zip Code | Arizona 85003 |
| Telephone Number | 602-506-3011 |
| E-mail Address *(if known)* | unknown |

**Defendant No. 2**

|  | |
|---|---|
| Name | Michelle Carson |
| Job or Title *(if known)* | Judicial capacity unknown |
| Street Address | unknown  301 West Jefferson Street |
| City and County | unknown    Phoenix Maricopa |
| State and Zip Code | unknown    Arizona 85003 |
| Telephone Number | unknown    602-506-3011 |
| E-mail Address *(if known)* | unknown |

**Defendant No. 3**

|  | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

|  | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    X   Federal question              ☐   Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Please see attached pages

_____

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ . Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

### III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each    claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if    needed.

A.    Where did the events giving rise to your claim(s) occur?

Please see attached complaint pages for details and then read the following: The Defendants actual practices in injunction issuance violate due process, this presents future possibility for violations, to not only me but others while the court makes its determinations, additionally Defendant has made the improperly (due process and negligent) issued injunction public records and this can have negative effects upon Plaintiffs ability to obtain shelter and employeement, as records obtained  may not be complete, correct or presented to Plaintiff to be clairified and disputed. For these reasons Plaintiff requests injunction

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Please see attache complaint pages    Aprox. 10/29/2021 starting and effects of the claimed violations are ongoing.

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

Please see attached complaint pages

### IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation    could not be measured.

Plaintiff does not nessessarily seek an entirety of money now, but certainly that Defendant Maricopa County and Defendant Carson be required to address and correct the errors of their injunction process.
A portional money award would allow Plaintiff to seek shelter (housing) and employeement with a notice or decleration from the court, that the defendants made error, it would allow for piece of mind and prevent an extended burden on Plaintiffs mental health, (as the court may take years to dispense justice).

If injunction is not approved, plaintiff requests a "standard trial"

## V.       Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Relief is stated on accompanying pages of a "Complaint" if injunction is issued Plaintiff believes the figure requested is possibily larger than entitled, if this complaint takes a "regular" route of court procedings, Plaintiff feels the ammount to be fair or less than and will ask the court (judge and jury?) to make that determination, as Plaintiff can not find info related to calculating what is standard amount, (or info into what happens if injunction (imediate action?) is denied, but requests a "standard" or "normal" complaint process.

w.th jury

## VI.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable    opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the            requirements of Rule 11.

### A.       For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      8/31/22

Signature of Plaintiff
Printed Name of Plaintiff       Nicholas woodall

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.**     **For Attorneys**

Date of signing:        _____

Signature of Attorney         _____

Printed Name of Attorney      _____

Bar Number                    _____

Name of Law Firm              _____

Street Address                _____

State and Zip Code            _____

Telephone Number              _____

E-mail Address                _____

Case 2:22-cv-01473-MTL    Document 1    Filed 08/31/22    Page 7 of 22

Nicholas woodall
*Plaintiff, pro se*
3710 w. northern ave. 318
Phoenix Az, 85051
512-297-8742
justnickynicky@gmail.com

# UNITED STATES DISTRICT

# COURT FOR THE DISTRICT OF

# ARIZONA  PHOENIX DIVISION

| | |
|---|---|
| **NICHOLAS WOODALL**<br><br>Plaintiff,<br><br>v.<br><br>**MARICOPA COUNTY** and **MICHELLE CARSON**, in her individual capacity<br><br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT**<br><br>**42 USC 1983 14th amendment due**<br><br>**process and equal protection; 42 USC**<br><br>**1983 Negligence**<br><br> **AMOUNT PRAYED FOR: $215,020.00** |

PLAINTIFF, appearing *pro se*, brings this COMPLAINT against Defendants and alleges as follows:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: At all times material to this complaint, Plaintiff was a resident of the Arizona District Phoenix division. Defendant Maricopa County is a government organization operating in the Arizona District Phoenix division, and Defendant Carson is a judicial officer employed by Maricopa County. The events giving rise to this Complaint occurred in the Arizona District Phoenix division.

**COMPLAINT**, page 1 of 8 of a larger filing

2.

On or around 10/29/2021, An Injunction Against Workplace Harassment was filed against Plaintiff in the Maricopa County Superior Court of Arizona ("EXHIBIT CV-2021-053833"). This injunction was (issued or ordered?) and signed by defendant Carson acting on behalf of and as an agent or employee of defendant Maricopa County's Superior Court. This case was made public record.

3.

The injunction hearing occurred ex parte, with the defendants choosing not to notify the Plaintiff or giving an opportunity to provide evidence or statement in opposition of "petitioners", resulting in Plaintiff being unaware and absent. No court record was made and defendants did not have or require a court recorder to be present at the hearing. The injunction was issued without any proof, good cause or evidence existing, being presented, reviewed, docketed or recorded.  Defendants neither show any evidence being presented by "petitioners" or give any "minute entry" "order" or "otherwise?" "statement", 'attestation" or 'directive" to show or state what led them to believe the "petitioners" or why Plaintiff's entitled due process was not deserved. The dates of events start and last claim are separated by approx. a month and another month passes before the "petitioners" filed the injunction. Showing the "petitioners' did not believe immediate threat existed to seek injunction. The defendants should have recognized all this as the following guidelines of the law show:


*A.R.S. 12-1810. Injunction against workplace harassment; definitions: E. "If the court finds reasonable evidence of workplace harassment by the defendant or that good cause exists to believe that great or irreparable harm would result to the employer or any other person who enters the employer's property or who is performing official work duties or if the injunction is not granted before the defendant or the defendant's attorney can be heard in opposition and the court finds specific facts that attest to the employer's efforts to give notice to the defendant or reasons supporting the employer's claim that notice should not be given,"*


**COMPLAINT**, page 2 of 8 of a larger filing

4.

The injunction had no statement from defendant(s) Carson, "minute entry", "conclusion" or "other wise?" to show why the claims made are "believed" or "supported by fact" or giving "reason" or "good cause" for the issuance. The defendant Maricopa County's form/document of "injunction" in general lacks any request from "petitioners" for physical, documenting or what can reasonably be called "evidence" that "proves claims" or details "specific standards" that must be met to issue an injunction. The "injunction" does not request, require or provide any "minute entry", "conclusion" or "otherwise?" statement by a judge (by the judge or by the court of the defendant)and none of these was given by defendants.

5.

The several statements by the "petitioners" when questioned, during a dismissal hearing on or about Feb/23/2022 shows either "defendants did not follow a reasonable course of actions or questioning during the injunctions issuance hearing or "the petitioners lied". This conclusion can be made by the several Exhibit reviews and specifically "Exhibit Popham" which shows the "petitioners" reliability, truthfulness and reasoning were brought into question or doubt, when asked questions the defendants should have asked in the initial hearing or issuance of the injunction. Questions such as: What specific acts were threating in Nicholas' behavior, What type of tactical wear was Nicholas wearing, Are you sure you heard correctly, what makes you believe the alleged statement by Nicholas was related to an anti-semitic statement and not related to the lie you told him, among others
(See "Exhibit Injunction" for review).

6.

Because defendants did not request or require evidence, they did not obtain evidence provided by "petitioners" which showed their claims were lies. ("Exhibit Petitioners Evidence"). Because of the defendants failures to create and maintain audio/text records of the hearing, the actual details of the defendants negligence and due process violations or other harms cant be fully determined. Those acts being both. The "contestation" hearing on Feb/23/2022 resulted in a dismissal and shows the "petitioners" defamed the Plaintiff, amongst other allegations (such as negligence) by Plaintiff, actions that were "boosted" "supported" and "reinforced" by the defendants several acts and/or failures of.

COMPLAINT, page 3 of 8 of a larger filing

7.

Because defendants did not record or keep proper records, the "petitioners" acts of defamation, negligence, malice or other harms can not be fully recognized or proven. Because of the acts of the defendants Plaintiff was required to spend time traveling to courts of the defendant on numerous occasions, Plaintiff had to do this on the bus, resulting in 3 different days of travel and waits in courts, It required purchase of USB devices ($20) (a trip to the store, twice because of Plaintiffs state of mind, because of these several events)and computer time to listen to audios repeatedly. All this done to provide the court and the petitioners with evidence, Plaintiff has incurred numerous inconveniences and uncomforts in filing civil suit against the "petitioners", which are ongoing, and involve a situation of arbitrary rules that he feels continue to deprive him of justice, (A.R.S. 1-201, Az Constitution art.1 sect.2, art.2 sect.4, art.2 sect.11 Justice in all cases shall be administered openly, and without unnecessary delay. and 8th amendment cruel and unusual punishment.)

8.

Plaintiff has incurred and continues to incur extreme emotional distress' as a result of these several acts and the resulting events. Plaintiff experiences extreme worry and concern for the trustworthiness, reliability and impartiality in situations or encounters with defendants Maricopa County, its courts, law enforcement agencies and individuals on their pay. Plaintiff experiences on going frustrations and sadness because of what can reasonably be considered an intentional act of harm. He worries about the intentions of the defendants, their ability and willingness to act and behave reasonably, Because the likely hood and probabilities the defendants would make the mistakes listed here, and the mistakes would happen to him, and that would happen after a previous set of mistakes was made by Phoenix PD in an earlier event of due process violation (which resulted in PPD having to do further training on a 10yr enforcer see "Exhibit Training Required"), which happened at an event where Plaintiff was protesting other law enforcement improper behavior.

9.

Because this happened less than 5 miles from the location where the defendants committed the violations claimed in this document. Because of all this Plaintiff experiences reasonable concern that the local law enforcement community (who in recent years has organized under an altered American flag, which has no specific or formal set of complaints or requests, to allow addressing of complaints, only a general "support" of a "motto") he worries this community has taken an interest in harming him, he fears for his life.

COMPLAINT, page 4 of 8 of a larger filing

10.

Because these continued "convenient" instances and his complaints show error by an individual and an entity, who in the reasonable course of their works should have fixed these issues. Also because Plaintiff who is no judge, lawyer or even college graduate knows that several simple steps by the defendants like ones listed in this document, would have prevented his harms (*see paragraphs 3, 4, 5,6 and 7*). Because of these Plaintiff worries for those around him, the possibility defendants will act out against him, and continue to cause harm. All this causes these listed concerns and emotional sufferings and continued worry, stress, fatigue, energy expenditure... Then there is worry, stress, fatigue from background checks and checkers that would believe or expect a judge to act reasonably, that background checks will show only an injunction and not the dismissal and it will prevent him from obtaining housing, employment and countless other opportunities he will never know of. Because of the defendants acts and failures of. This has left Plaintiff in a general state of sickness and frustration worried for his existence. All this causes these listed concerns and emotional sufferings.

11.

Upon information and belief, the actions of Defendant Carson were carried out based on training they have received by Defendant Maricopa County. Their actions were in accordance with the policies, practices, and/or customs, habbits or functions of the Maricopa County.

//

//

//

//

//

//

**COMPLAINT,** page 5 of 8 of a larger filing

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unlawful deprivation of due process of law and ;The equal protections): 14th Amendment to the U.S. Constitution; 42 USC 1983)

12.

Plaintiff re-alleges and incorporates Paragraphs 1-11 as if fully set forth here.

13.

Defendant's actions as described above constitute an unlawful and unreasonable violation of Plaintiff's due process of law and equal protections of the 14th Amendment of the U.S. Constitution. Defendants used unlawful, unreasonable, unsound and negligent acts in the standards of due process, issuance of the injunction, failures of taking and keeping of the injunction hearing records. Defendants law expertise should have resulted in reliable consistent practices in accordance with state and federal law. As a direct result of Defendant's actions, Plaintiff has sustained economic damages in the amount of $20.00 known as described above and non-economic damages due to pain, suffering, worry, sorrow, fear, frustrations, humiliation and inconvenience in the amount of $215,000.00

### SECOND CLAIM FOR RELIEF
(Negligence): Negligent emotional harm of Restatement of Torts; 42 USC 1983)

14.

Plaintiff re-alleges and incorporates Paragraphs 1-11 as if fully set forth here.

15.

Defendant's actions as described above constitutes a set of negligent acts, violating Plaintiff's right to service free of Negligent acts depriving him of due process, equal protection of law and comfort of mind. Defendants use of unlawful, unreasonable, unsound acts in standards of due process, issuance of injunction, failure to take and keep records, failed Plaintiff in their duty to provide lawful, reliable, consistent practices, these acts in the course of Defendants law practices should and could have been prevented by reasonable servants. As a direct result of Defendant's actions, Plaintiff has sustained economic damages in the amount of $20.00 known as described above and non-economic damages due to pain, suffering, worry, sorrow, fear, frustrations, humiliation and inconvenience in the amount of $215,000.00

**COMPLAINT**, page 6 of 8 of a larger filing

## PRAYER FOR RELIEF

16.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $215,020.00, representing $20.00 in easily seen actual economic damages and a total $215,000.00 in non-economic damages. At percentages the court determines the Defendants owe.

-Also asked, is the court consider the continued effect that will result from the heightened awareness that will result from this case and the mental anguish and possibility of danger that will result from what could be a delay of justice of two or three years and consider that an additional amount should be granted based on that fact and the fact that effects of a background check will have, just knowing of activist activities can potentially have a detrimental effect on Plaintiff's ability to obtain work and rental status, not to mention "these" do not often give reason for refusal based on background, only an offering of the info they find, So the "petitioners" injunction issued by the defendants can still cause negative opinions as people make mistakes of judgment and form bias opinions all the time and while an employers or renters worry for other worker/renters and their property is reasonable, the concern is still relatable to the defendants acts, which could unreasonably bring into question Plaintiff's ability to make sound judgments and resolve problems, among others.

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on: 08/31/22

By: _____

Nicholas woodall
*Plaintiff, pro se*
3710 w. northern ave. 318
Phoenix, Az
512-297-8742
justnickynicky@mail.com

COMPLAINT, page 7 of 8 of a larger filing

17.

***The following is only to make mention for consideration***, but if it is acceptable to the court, that it be admissible as addition or reference to what I believe the court calls the "Statement Of Facts" (all but specifically pages 2,3,4 and 5). If not thats fine, as I am too ill minded as of current to make this argument any more complex and will accept that it has been Docketed, ( I know there is flaw, in the end of par. 7) Acknowledged and Considered as relevant information or "note of acknowledgment"

by this "GREAT COURT OF THE UNITED STATES".

18.

Upon reading of "qualified immunity", I believe its possible Carson is entitled to some measure of immunity, However in this particular situation the defendant Carson has not made only an error of actions, but also a more serious "Sit of error's". Defendant Carson who's job is a servant of the people, has a certain level of responsibility to the people, to ensure the "policies, practices, customs and mechanical workings of the Maricopa County Superior Court are both fair and compliant with the intent of the Constitution, federal and state laws, void of any error, oppression, violations or other wise and upon failure of the Defendants employer Defendant Maricopa, had the responsibility to atleast attempt to expose these most terrible acts, and dully a duty to refuse, report and correct.

19.

Because the issue's not only mistakes of judgment, but also the fact defendant Maricopa's Superior Court has failed to offer a certain measure of Due Process and equal protection in regards to the law and Carson has done the same in service of. (*see paragraphs 3,4,5,6,7*). Defendant Carson either choose to not have a court recorder present, or defendant Maricopa County does not require one. If it's the second and Maricopa County's "policy" or "practice" doesn't require a record of ex parte proceedings for Injunctions or require "petitioners" or judges to show and document "evidence", require a "statement" or "minute entry" of any kind (to show the "support of facts" or "otherwise determinations") when issuing Injunctions, in those cases defendant Carson who is likely a former law practitioner knows those acts violate. Taking into consideration the fact judges are bound to and bind others to a set of laws and rules. (in Arizona) Absent consideration for disability, level of reading and comprehension capability, or temporary impairments from pains related or not... Defendant Carson should not be completely immune. Carson should be punished in fair percent for failure of duty, not related to negligence of, or mistake of course. Her's is a more worrisome act, of complacency, indifference and compliance in acts violating, while in service to the people of the USA and state of Arizona.     Thank you for the "Acknowledgment" and swift justice..

COMPLAINT, page 8 of 8 of a larger filing

# Notice to the court

The following is Plaintiffs only means of a will or demand for action in event of death as Plaintiff has no means, financial or otherwise to maintain a will and last testament. In the event Plaintiff dies, no person or entity may seek continuance of this suit, or any other suit in this court or any other on his behalf (not including acts of government seeking criminal charges). Plaintiff wishes that the bank keep what little finances he possess'. In the event of incapacitation or inability to continue, the same applies. Plaintiff also wishes the judge of this court deliver this case in its entirety to the Attorney General of the United States, with request to pursuit criminal charges for the deprivation of Plaintiffs rights as described in this document. (as well as the deprivation of the American people) And during sentencing, if the Attorney General decides to pursuit justice, that all my Federal and Arizona court dockets be considered.

It should also be consider that since no others have stepped forward to address this issue, they either don't know or are inherently selfish, cowardly or care not, despite any panderings and claims of allegiance to this country or causes of justice, they are false and questionable.. especially considering Plaintiffs activist acts, their jobs, etc. them not knowing is the least likely. The question Plaintiff wishes you ask, what does servitude mean, what does responsibility mean.

Respectfully submitted on:  8/31/22

By: 

NICHOLAS woodall
*Plaintiff, pro se*
3710 w. northern ave. 318
Phoenix, Az 85051
512-297-8742
justnickynicky@gmail.com

**COMPLAINT**, page 9 of several

*"Exhibit CV-2021-053833"*
*and/or*
*"Exhibit Injunction"*

*Contains 6 pages of Maricopa County Superior Court "injunction form" used for all types of harassment.*
*Specifically filed and issued against Plaintiff Nicholas woodall as an Injunction against workplace harassment.*

*page 1 of 7*

ELECTRONICALLY RECORDED

## TRIAL COURTS OF ARIZONA IN MARICOPA COUNTY
Superior Court of Arizona/AZ007035J/0700    18380 N. 40th St    Phoenix, AZ 85032

DEPUTY CLERK

# Injunction Against Workplace Harassment

[ ] Amended Order

| | |
|---|---|
| Case No. | CV2021-053833 |
| Court ORI No. | AZ007035J |
| County | Maricopa | State | AZ |

**COPY**

**PLAINTIFF EMPLOYER**

Velley Beit Midrash

And on behalf of all Protected Person listed below
Shawn Yanklowitz (), Pam Bhullar ()

**AUTHORIZED AGENT**

Eduardo Chavez Calderon

**V.**

**DEFENDANT**

| Nicholas | | Woodall |
|---|---|---|
| First | Middle | Last |

Defendant/Plaintiff Relationship  none.

Defendant's Address

**CAUTION:** [ ] Weapon Alleged in Petition

**DEFENDANT IDENTIFIERS**

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| Male | White | Unknown | Unknown | Unknown |
| EYES | HAIR | _Arizona Prohibits Release of Social_ | | |
| Unknown | Unknown | _Security Numbers_ | | |
| DRIVER'S LICENSE # | STATE | EXP DATE | | |
| | AZ | | | |

[ ] Estimated Date of Birth

**WARNINGS TO DEFENDANT:** This injunction shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. § 2265). Crossing state, territorial or tribal boundaries to violate this injunction may result in federal imprisonment (18 U.S.C. § 2262) **Only the Court, in writing, can change this injunction.**
**This injunction is effective for one year from date of service.**

**THE COURT HEREBY FINDS THAT:**
   It has jurisdiction over the parties and subject matter.
[ ] Defendant received actual notice of this Hearing and had an opportunity to participate.
**THE COURT,** finding reasonable evidence of workplace harassment or that great or irreparable harm would result if this injunction is not granted before Defendant can be heard in opposition, and there are specific facts attesting to the efforts to give notice to Defendant or there are reasons why notice should not be given, **HEREBY ORDERS:**
[x] **NO CONTACT.** Defendant shall have no contact with **Plaintiff Employer** or other person while that person is on or at employer's property or place of business or is performing official work duties, except through attorneys, legal process, court hearings, and as checked: [ ] Phone [ ] Email/Fax [ ] Mail [ ] Other
[x] **NO CONTACT.** Defendant shall have no contact with **Protected Person, Shawn Yanklowitz**, except through attorneys, legal process, court hearings, and as checked [ ] Phone [ ] Email/Fax [ ] Mail [ ] Other
[x] **NO CONTACT.** Defendant shall have no contact with **Protected Person, Pam Bhullar**, except through attorneys, legal process, court hearings, and as checked [ ] Phone [ ] Email/Fax [ ] Mail [ ] Other

**THE COURT FURTHER ORDERS:**
**PROTECTED LOCATIONS.** Defendant shall not go to or near Plaintiff Employer's or other Protected Person's:
   [x] Workplace
         Valley Beit Midrash : 4645 E Marilyn Rd, Phoenix, AZ 85032
         Valley Beit Midrash : 280 E Gray Rd Unit 102, Scottsdale, AZ 85260
   [ ] Other
**OTHER ORDERS**

*page 2 of 7 of Exhibit*

_Michelle Carson_

| | | |
|---|---|---|
| 10/28/2021 | | Michelle Carson |
| Date | Judicial Officer | Printed Name |

**WARNING:** This is an official court order. If you disobey this order, you will be subject to arrest and prosecution for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this order.

**NOTICE:** If you disagree with this injunction, you have the right to request a hearing, which will be held within 10 business days after your written request has been filed in the court that issued this injunction. Violations of this injunction should be reported to a law enforcement agency, not the court.



COPY

Superior Court of Arizona/AZ997035J/0700    18380 N 40th St    Phoenix AZ 85032

| Plaintiff                          ☐ Employer Plaintiff / Workplace Injunction | Defendant | Case No |
|---|---|---|
| Valley Beit Midrash | Nicholas Woodall | CV 2021 - 53833 |
| ☐ On behalf of minor/person in need of protection named: | Defendant's address

/ / | PETITION for
☐ Order of Protection
☐ Injunction Against Harassment
☒ Workplace Injunction |
| Agent's name (if Workplace Injunction)
Eduardo Chavez Calderon | Defendant's phone | |

**This is NOT a court order.**

This petition contains Plaintiff's allegations and requests. To see what the court has ordered, see "Order" form.

*DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.*

1   **Defendant/Plaintiff Relationship** (or relationship between Defendant and minor/person in need of protection)

☐ Married (past or present)
☐ Live/lived together as intimate partners
☐ Romantic or sexual relationship (past or present)
☐ Parent of a child in common
☐ One party is pregnant by the other

☐ Related as parent, grandparent, child, grandchild, brother, sister (or in-law/step)
☐ Live/lived together but not as intimate partners
☐ Dating but not romantic or sexual
☒ Other: none

2   ☐ If checked, Defendant and I have a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody, parenting time, or support in County Superior Court Case # _____

3   Name of court, if any, in which any other protective order related to this conduct has been filed
Court name _____    Case # _____

(Continue to next page)

"Exhibit CV-2021-053833" or "Exhibit Injunction"

Tell the judge what happened and why you need this order. PRINT both the dates and a brief description of what happened. If there is a contested hearing, a judge can consider only what you write here.

NOTE: Defendant will receive a copy of this petition when the order is served.

| Date | (Do not write on back or in the margin. Attach additional paper if necessary.) |
|------|---------------------------------------------------------------------------------|
| 8/10/2021 | On August 10, 2021 Nicholas Woodall visited Temple Chai and walked toward Rabbi Dr. Shmuly Yanklowitz's office. Nicholas proceeded to demand a private and urgent meeting with Rabbi Shmuly. Nicholas was direct and kept coming in closer and closer. Nicholas was wearing all black tactical gear. Rabbi Shmuly kept trying to get Nicholas to leave by asking him to email the main office. After reluctant back and fourth Nicholas finally left. Rabbi Shmuly and team were disturbed by the incident. |
| 08/01/2021 | Woodall left a string of uneasy messages on our office phone line. Proceeded to also email our office with very vague message "need urgent support on a social justice matter" |
| 9/21/2021 | Woodall visited the property and proceeded to knock on the front main door of Valley Beit Midrash / Arizona Jews for Justice office. Proceeded to try to open the door. This alarmed Director Eduardo Chavez Calderon who walked to the door and saw a white man in all black tactical dress and a black backpack demanding to have a meeting with the Arizona Jews for Justice people. Woodall named Rabbi Shmuly and Eddie (Eduardo Chavez Calderon) as the specific people he needed to speak. At this point, Eddie talked to Woodall through the door as he felt threatened by Woodall. Woodall was angry and frustrated that Valley Beit Midrash / Arizona Jews for Justice had ignored his urgent demands of assisting him solve his urgent matter of addressing a conspiracy of police involved in the endangerment of children and money laundering. Eddie feeling scared did not identify himself as staff for Valley Beit Midrash / Arizona Jews for Justice but as cleaning staff. Woodall became even more angry that he was not getting the attention that he needed. Woodall proceeded to say the they (Arizona Jews for Justice were not real "Jews for justice" Because they did not have the power to stop child trafficking. This really scared Eddie as there is a common anti semetic trope that Jews hold some type of global power. While this was happening Eddie was messaging his staff and Phoenix Detective Michael Hillmar for safety. Eddie took pictured of Woodall to keep in case there was a need to identify him. Woodall let Eddie know that he would not stop coming until his demands of support were met. After Eddie repeatedly let him know that he could not help him he left the Temple Chai premises. 10/25/2021 Woodall was issued a trespassing warning by PPD. Woodall called PPD "numerous times" according to Detective Michael Hillman to contest trespassing warning. 10/25/2021 Woodall called Temple Chai (one location is on the Temple Chai grounds) to contest trespassing warning. Proceeded to call multiple times. |

5  The following persons should also be on this order. They should be protected because Defendant is a danger to them.
Shawn Yanklowitz
Pam Bhullar

6  Defendant should be ordered to stay away from these locations at all times, even when I am not present.
NOTE: Do not list confidential addresses here.

☐ Residence (confidential)

☒ Work/Business  Valley Beit Midrash  4645 E Marilyn Rd, Phoenix, AZ 85032
   Valley Beit Midrash  780 E Gray Rd., 102, Scottsdale  AZ 85260

☐ School/other

7  ☐ Defendant owns or carries a firearm or other weapons
   ☐ Defendant should be ordered NOT to possess firearms while this order is in effect because of the risk of harm to me or other protected persons

   ☐ Defendant should be ordered to stay away from any animal that is owned, possessed, leased, kept or held by me, Defendant, or a minor child living in either my household or Defendant's household

8  ☐ Other requests

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge, and I request an order granting relief as allowed by law

*page 5 of 7 of Exhibit*



Judicial Officer/Clerk/Notary    Date

OCT 2 9 2021



CLERK OF THE SUPERIOR COURT
A HERNANDEZ
DEPUTY CLERK

Nicholas woodall v Maricopa County; Carson        8/22
    "Exhibit CV-2021-053833"  or  "Exhibit Injunction"

*page 6 of 7 of Exhibit*

Effective 1/1/2020                Page 3 of 3 Adopted by Administrative Directive No. 2019-10

...S IN ARIZONA   ADDRESS        CITY      AZ   ZIP CODE   TELEPHONE

...endant:                               Date:                    Case No.

---

**Defendant's Guide Sheet for Protective Orders - Please Read Carefully**

This guide sheet provides more information about the petition and the order that have been served on you.

The PETITION contains the plaintiff's allegations against you and the relief that was requested from the court. The ORDER tells you what conditions the judge granted. If you were served only with a petition, a pre-issuance hearing will be scheduled.

| | |
|---|---|
| **IF YOU HAVE BEEN SERVED WITH:** | ☐ **ORDER OF PROTECTION.** An Order of Protection has been issued because you allegedly committed or may commit an act of domestic violence against the plaintiff. You and the plaintiff have one of the following relationships: <br>• married (past or present) <br>• live/lived together as intimate partners <br>• romantic or sexual relationship (past or present) <br>• parent of a child in common <br>• one party is pregnant by the other <br>• related as parent, grandparent, child, grandchild, brother, sister (including step or in-law) <br>• live/lived together but not as intimate partners |
| | ☑ **INJUNCTION AGAINST HARASSMENT.** You allegedly have committed a series of acts (more than one) of harassment or one act of sexual violence (as defined in ARS § 23-371) against the plaintiff within the last year or you have been convicted of committing a dangerous offense as defined in ARS § 13-105, a serious offense or a violent or aggravated felony as defined in ARS § 13-706, or any offense in ARS Title 13, chapter 14 or 35.1, against the plaintiff. |
| | ☐ **INJUNCTION AGAINST WORKPLACE HARASSMENT.** An employer or a business owner, for the benefit of employees or the business, has filed a petition against you, alleging at least one act of harassment. |
| **SERVICE AND EFFECT** | This protective order is valid for one year from the date it was served on you. It is enforceable by law enforcement in any state or tribal nation in the United States. |
| **MODIFYING OR DISMISSING THIS ORDER** | Only a judge can modify or dismiss this protective order. The plaintiff cannot dismiss or change this protective order without the court's written approval. |
| **CONTACT WITH THE PLAINTIFF** | You can be arrested for violating this protective order, even if the plaintiff initiates contact with you. You have the right to request a protective order against the plaintiff if you do not want the plaintiff to contact you. But orders are not automatically granted upon request. Legal requirements must be met. |
| **REQUEST FOR HEARING** | **Contested Hearing.** If you disagree with this protective order (regardless of its type), you have the right to request a hearing. The hearing will be held within 5 to 10 business days after you file a written request at the court that issued this order. |
| | **Exclusive Possession of Residence.** If the court issued an Order of Protection |

*page 7 of 7 of Exhibit*

Effective 9/29/2023        Page 1 of 2        Adopted by Administrative Directive 2021-10